STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JENNIFER ANN HARTEL-DAVIS, Defendant-Appellant
No. 28834.
Intermediate Court of Appeals of Hawaii
June 27, 2008.
Samuel P. King, Jr., for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, WATANABE, AND NAKAMURA, J.
Defendant-Appellant Jennifer Ann Hartel-Davis (Hartel-Davis) appeals from the Judgment entered on October 25, 2007, by the District Court of the First Circuit (district court).[1] After a bench trial, the district court found Hartel-Davis guilty of operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes (HRS) 291E-61(a)(1) (2007).[2]
Hartel-Davis 's sole point of error on appeal is that the district court failed to provide her with the warnings required by Tachibana v. State, 79 Hawai`i 226, 236, 900 P.2d 1293, 1303 (1995), at the conclusion of the trial. Plaintiff-Appellee State of Hawaii (the State) concedes that the district court violated Tachibana by failing to obtain an on-the-record waiver directly from Hartel-Davis of her right to testify. The State further concedes that this error was not harmless beyond a reasonable doubt. See id. at 240, 900 P.2d at 1307. We conclude that the State's confession of error is appropriate. See State v. Wasson, 76 Hawai`i 415, 418, 879 P.2d 520, 523 (1994).
The record discloses that prior to trial, the district court engaged in the following colloquy with Hartel-Davis:
[Prosecutor]: The State would request that you give the defendant, this is the . . . .
THE COURT: Tachibana?
[PROSECUTOR]: Tachibana colloquy.
THE COURT: Alright. Ms. Hartel-Davis, you have a right to testify and if you do testify, the prosecutor has the opportunity to cross-examine you. You understand that?
[HARTEL-DAVIS]: Yes.
THE COURT: You also have the right to remain silent, alright, and if you choose to remain silent, the Court will not hold that against you. You understand that?
[HARTEL-DAVIS]: Yes.
THE COURT: Alright, so, and I trust you will confer with your attorney about whether or not you should testify or remain silent, correct?
[HARTEL-DAVIS]: Yes.
THE COURT: Okay, very well.[3]
At the conclusion of trial, the district court declined the prosecutor's request to engage in an end-of-trial Tachibana advisement, and the court failed to obtain an on-the-record waiver from Hartel-Davis of her right to testify:
THE COURT: Okay, any arguments?
[PROSECUTOR]: Would you like to just do the Tachibana colloquy again. I think under the case law, you're required to do it, I guess, twice.
THE COURT: It's not necessary.
Hartel-Davis did not testify at the trial.
In Tachibana, the Hawai`i Supreme Court held that "in order to protect the right to testify under the Hawai`i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." Tachibana, 79 Hawai`i at 236, 900 P.2d at 1303 (footnote omitted). The court described the type of colloquy that would suffice to advise a criminal defendant of his or her right to testify as follows:
In conducting the colloquy, the trial court must be careful not to influence the defendant's decision whether or not to testify and should limit the colloquy to advising the defendant that he or she has a right to testify, that if he or she wants to testify that no one can prevent him or her from doing so, and that if he or she testifies the prosecution will be allowed to cross-examine him or her. In connection with the privilege against self-incrimination, the defendant should also be advised that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.
Id. at 236 n.7, 900 P.2d at 1303 n.7 (brackets omitted and block quote formatting changed).
The district court plainly erred in failing to obtain an on-the-record waiver from Hartel-Davis of her right to testify. See State v. Staley, 91 Hawaii 275, 287, 982 P.2d 904, 916 (1999). Our review of the record demonstrates that there was sufficient evidence to support Hartel-Davis's conviction. Accordingly, we remand the case for retrial. See State v. Jones, 96 Hawai`i 161, 184 n.30, 29 P.3d 351, 374 n.30 (2001) (concluding that retrial is not barred by the double jeopardy clause where the reviewing court overturns a case due to trial error and sufficient evidence of guilt was established at trial).
We vacate the district court's October 25, 2007, Judgment, and we remand the case for retrial.
NOTES
[1] The Honorable David Lo presided.
[2] HRS § 291E-61(a) (1) (2007) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]
[3] We note that this colloquy did not fully comply with the pre-trial colloquy recommended by Tachibana v. State, 79 Hawai`i 226, 237 n.9, 900 P.2d 1293, 1304 n.9 (1995), and mandated by State v. Lewis 94 Hawai`i 292, 297, 12 P.3d 1233, 1238 (2000.), that

the trial courts prior to the start of trial, shall (1) inform the defendant of his or her personal right to testify or not to testify and (2) alert the defendant that, if he or she has not testified by the end of trial, the court will briefly question him or her to ensure that the decision not to testify is the defendant's own decision.
Lewis, 94 Hawai`i at 297, 12 P.3d at 1238 (internal quotation marks and brackets omitted).